IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2005

## GEORGE OSBORNE WADE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Obion County**
**No. 3-09      William B. Acree, Jr., Judge**

---

**No. W2004-00214-CCA-R3-PC  - Filed August 22, 2005**

---

The petitioner challenges the denial of his post-conviction petition, in which he contended, *inter alia*, that counsel was ineffective in failing to object to the composition of the jury pool.  Upon review, we conclude that the petitioner failed to demonstrate that the venire was violative of his Sixth Amendment rights.  As such, he has likewise failed to prove that counsel's failure to object to the venire amounted to deficient performance or resulted in prejudice to him.  We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID H. WELLES, J., joined.

Timothy Boxx, Dyersburg, Tennessee, for the appellant, George Osborne Wade.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

The petitioner, George Osborne Wade, was convicted by an Obion County jury of one count of sale of a controlled substance within 1000 feet of a school (a Class A felony) and was sentenced as a Range I, standard offender to twenty-three years of incarceration.[1]  The judgments and sentences were affirmed by a panel of this court on direct appeal.  See State v. Roger Neal James and George Osborne Wade, No. W2000-01301-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 231 (Tenn. Crim. App., at Jackson, Mar. 15, 2002), perm. to appeal denied (Tenn. Sept. 30, 2002).

---

[1] The petitioner's co-defendant in the underlying case was convicted of delivery of a controlled substance within 1000 feet of a school and was sentenced to twenty-five years of incarceration.

On January 15, 2003, the petitioner filed a *pro se* petition for post-conviction relief. Thereafter, the post-conviction court appointed counsel, and an amended petition was filed on May 5, 2003. The petitions contended, *inter alia*, that (1) the petit jury pool was unconstitutionally selected in that it significantly under-represented African Americans; and (2) counsel "failed to raise the issue and, as a result, [the petitioner's] rights were violated."

At the post-conviction hearing, the petitioner testified that an insufficient number of African American individuals were present in the jury pool and that its composition was not representative of their corresponding population in Obion County. Specifically, he recalled that only one African American woman was present in the venire and that she was granted dismissal for personal reasons.[2] In answer to a question posed by the court, post-conviction counsel noted that objections raised to the composition of the venire by counsel for both the petitioner and his co-defendant were overruled because they were not made before the jury was selected and seated.[3] Although counsel was called to testify at the post-conviction hearing, she was not questioned regarding the makeup of the jury pool.

Following the hearing, the post-conviction court took the petition under advisement and later denied it by written order. Particularly with respect to the venire, the post-conviction made the following findings of fact:

> In alleging that his trial counsel was ineffective, the petitioner cites several grounds.
>
> The petitioner, who is black, first contends that his trial counsel failed to object to the composition of the jury and the jury pool. Evidence before the Court is that there was one black person in the jury pool, but that person did not serve on the jury.
>
> The absence of blacks on the jury was raised at the trial Court. The transcript of evidence reflects:
>
> > "Mr. Johnson: Well, I wouldn't go that far. I would like to put on the record, though, it concerns me that there's not a single African American on the jury, and there's only one in the whole jury pool that's here today. I mean, I don't know, but given that the defendants are African[-]Americans, that concerns me.
> >
> > General Cannon: That's a pretrial matter, Your Honor, if he wants to strike the –

---

[2] The record reflects that the juror was dismissed because her children were at home without supervision.
[3] This statement appears to be in error, as the record reflects that only co-defendant's counsel, Colin Johnson, raised an objection to the venire.

Mr. Johnson: Well, I understand that, but –

General Cannon: He should have filed it.

The Court: You're making an objection. What do you want me to do?

Mr. Johnson: I don't know. I just want it on the record."

In State v. Buck, 670 S.W.2d 600 (Tenn. 1984), the court in citing Taylor v. Louisiana, 419 U.S. 522 (1975), said that when a defendant is attempting to establish an improper jury venire, he must show: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the group's representation and the source from which juries are selective [sic] is not fair and reasonable in relation to the number of persons in the community; and (3) that this under representation results from systematic exclusion of the group in the jury selection process.

The Court first finds that this issue should have been raised on direct appeal and was waived by the failure of the petitioner to do so. In addition, this Court finds that the petitioner has introduced no evidence to satisfy the second and third prongs of the test set forth in State v. Buck. Thus, this Court cannot conclude that the failure to raise this issue was valid or that it would have affected the outcome of the trial.

The petitioner timely appeals to this court, challenging only the issue of ineffective assistance of counsel as it pertains to a failure to object to the composition of the jury pool. Following our review, we affirm the denial of post-conviction relief.

Analysis

Contrary to the findings of the post-conviction court, we initially note that the petitioner's claim of ineffective assistance of counsel has not been waived. While it is true that counsel waived the constitutional objection to the venire by failing to assert it at trial or on appeal, we are now called upon to address whether or not that waiver was tantamount to ineffective assistance of counsel. Therefore, we will proceed to the merits of the petitioner's contention.

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure

to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

In order to prove either prong of the Strickland test, the petitioner must demonstrate that his right to a venire representative of a fair cross-section of the community was violated. See State v. Bell, 745 S.W.2d 858, 860 (Tenn. 1988) (citing Taylor v. Louisiana, 419 U.S. 522, 95 S. Ct. 692 (1975)). In order to prove this violation, the petitioner must show that: "(1) the group alleged to be excluded is a distinctive group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of persons in the community; and (3) this under-representation results from systematic exclusion of the group in the jury selection process." Duren v. Missouri, 439 U.S. 357, 364, 99 S. Ct. 664, 668 (1979)

While African Americans are certainly "a 'distinctive' group in the community," we agree with the post-conviction court that the petitioner failed to present any proof whatsoever as to the latter two requirements. With the exception of the petitioner's opinions, no testimony was elicited at the post-conviction hearing regarding the composition of the venire in relation to the population of African Americans in the surrounding community.

The record is likewise devoid of any proof of "systematic exclusion" of African Americans from the jury selection process. Although the petitioner attempts to prove this element by referencing a similar case from Obion County in his brief, it is noted that no systematic exclusion

was proven in that case.  <u>See</u> <u>State v. Bobby Lee</u>, No. W2003-02948-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 705 (Tenn. Crim. App., at Jackson, Aug. 11, 2004).  The petitioner cannot meet his burden by simply "stacking" cases in which the venire is challenged but no violation is proven.

Therefore, having failed to establish that the venire violated the fair cross-section requirement, the petitioner has likewise failed to establish that counsel's failure to object constituted deficient performance or that it prejudiced him in any way.

<u>Conclusion</u>

We affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE